Honorable Robert Bernstein, M.D., F.A.C.P. Commissioner of Health Texas Department of Health 1100 West 49th Street Austin, Texas 78756
Re: Whether a public employee's home telephone number and date of birth are open under the Open Records Act
Dear Dr. Bernstein:
You have requested our decision regarding whether a public employee's home telephone number and date of birth are available to the public under the Open Records Act, article 6252-17a, V.T.C.S.
Section 3(a)(2) of the act exempts from disclosure `information in personnel files, the disclosure of which would constitute a clearly unwarranted invasion of personal privacy.' In Open Records Decision No. 169 (1977), this office held that, absent special circumstances:
 the overwhelming weight of authority holds that there is normally no legally recognizable privacy interest in one's home address.
Furthermore, the `special circumstances' necessary:
 to bring home address [information] within the section 3(a)(2) exception from disclosure must be more than a desire for privacy or a generalized fear of harassment or retribution.
Prior to the issuance of Open Records Decision No. 169, the City Public Service Board of the city of San Antonio and the Police Department of the city of El Paso had asked their employees whether they wished to assert a privacy interest in their home address, and if so, what facts or circumstances would justify withholding the information. Of 1400 responses submitted, this office found only five individuals:
 who have both taken effective action [to restrict public access to their telephone numbers] and have also demonstrated truly exceptional circumstances such as, for instance, an imminent threat of physical danger as opposed to a generalized and speculative fear of harrassment or retribution.
In accordance with this standard, we believe that an employee is entitled to withhold his home telephone number only if he can first demonstrate that he has taken steps to restrict public access to the number, including but not limited to maintaining the number as unlisted. In addition, the employees must also demonstrate exceptional circumstances such as an imminent threat of physical danger. Open Records Decision No. 169 (1977). As was noted in Open Records Decision No. 169, the determination of these questions must be made on a case-by-case basis, and the agency should make the initial determination. The agency should submit for our consideration only those claims which it determines may legitimately fall within the exception.
As to the date of birth of a public employee, we have found no decision which has held such information to be confidential. On the contrary, this office has on three occasions said that information in licensing files, including date of birth, is subject to disclosure. See Open Records Decision Nos. 215 (1978); 157 (1977); Attorney General Opinion H-242 (1974). It is therefore our decision that the date of birth of a public employee is not excepted from disclosure under the Open Records Act.
 SUMMARY
A public employee's date of birth is not excepted from disclosure. A public employee's home telephone number may be excepted only upon a showing of exceptional circumstances.
Very truly yours,
 Mark White Attorney General of Texas
 John W. Fainter, Jr. First Assistant Attorney General
 Richard E. Gray III Executive Assistant Attorney General
 Prepared by Rick Gilpin Assistant Attorney General